**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**THOMAS VIEL**,
individually and on behalf of all
others similarly situated,

Plaintiff,

v.

**ENDLESS MOUNTAINS WATER & ENERGY SOLAR SERVICES LLC**,

Defendant.
_________________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Thomas Viel brings this class action against Defendant Endless Mountains Water & Energy Services LLC ("Defendant"), and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all others matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), arising from Defendant's knowing and willful violations of the TCPA.

2. Defendant operates an energy company which services Massachusetts, Pennsylvania, New York, Connecticut, Maryland, Virginia and Washington D.C.[1]

3. As part of its marketing strategy, Defendant calls unsuspecting parties on their cellular telephones with pre-recorded messages in order to sell them goods and services.

[1] https://www.goendlessenergy.com/about-us/

4. Defendant caused thousands of pre-recorded messages to be sent to the cellular telephones of Plaintiff and Class Members, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any others available legal or equitable remedies resulting from the illegal actions of Defendant.

**JURISDICTION AND VENUE**

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant. Plaintiff seeks up to $1,500.00 in damages for each call-in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

7. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, on information and belief, Defendant have sent the same prerecorded messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant acts have occurred within this district, subjecting Defendant to jurisdiction here.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Worcester County, Massachusetts.

9. Defendant is a Pennsylvania company with its principal office located at 288 Kidder St., Wilkes Barre, PA 18702. Defendant directs, markets, and provides business activities throughout the State of Florida.

## THE TCPA

10. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

13. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14. In 2012, the FCC issued an order further restricting automated telemarketing

calls, requiring "prior express written consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

15. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and [the plaintiff] having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

16. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC,* 788 F.3d 814, 820 (8th Cir. 2015).

17. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P*., 705 F.3d 913, 918 (9th Cir. 2012)).

18. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." Golan, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii) & 47 C.F.R. § 64.1200(f)(12*)); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

19. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. Id.

20. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

21. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

22. With respect to standing, as recently held by the United States Court of Appeals for the Eleventh Circuit:

> [T]he receipt of an unsolicited phone call is an injury that the district court can remedy. And we know that Congress focused on precisely this kind of harm when it passed the TCPA, finding that "[m]any consumers [were] outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers." Pub. L. No. 102-243, § 2, 105 Stat. 2394, 2394. Congress identified telemarketing as a potentially "intrusive invasion of privacy," suggesting to us that Congress considered the receipt of an unwanted telemarketing call to be a real injury. *Id*

*Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2019).

**FACTS**

23. On or about November 25, 2019, Defendant called Plaintiff's cellular telephone number ending in 3372 ("3372 Number") with a pre-recorded message.

24. Plaintiff did not answer the phone, and so Defendant left Plaintiff a pre-recorded message in his voicemail.

25. Plaintiff subsequently had to stop what he was doing to listen to the message.

26. The pre-recorded message states:

> "Hey this Gianna calling from Endless Energy, I'm just calling to set you up with a no cost [inaudible] energy assessment. If you're interested in getting scheduled please give us a call back. Our phone number here is 508-357-2355. Thank you and have a great day."

27. Plaintiff received an identical pre-recorded message at the 3372 Number on December 6, 2019.

28. As Plaintiff again missed the call, he subsequently had to stop what he was doing to listen to the message.

29. Finally, on December 9, 2019, Defendant for a third-time called Plaintiff at the 3372 with another pre-recorded message which states:

> "Hi this is Gianna calling from Endless Energy. I'm just calling, I'm returning your phone call from over the weekend. If you can give us a call back our number here is 508-357-2355. Thank you and have a nice day."

30. As Plaintiff again missed the call, he subsequently had to stop what he was doing to listen to the message.

31. Plaintiff is the subscriber and sole user of the 3372 Number.

32. Plaintiff's phone number has been registered on the Do Not Call Registry since July 23, 2008.

33. Defendant called Plaintiff from 508-357-2355 and 508-392-4555, a number which upon information and belief, Defendant own and/or operate and/or is operated by or on behalf of Defendant.

34. Plaintiff received the subject calls within this judicial district and, therefore, Defendant' violation of the TCPA occurred within this district.

35. The purpose of the phone calls was to market Defendant's good and services.

36. Upon information and belief, Defendant caused similar calls to be sent to individuals residing within this judicial district.

37. At no point in time did Plaintiff provide Defendant with his express consent to be contacted using a pre-recorded message.

38. Defendant's unsolicited call caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to his daily life.

39. Furthermore, Defendant's calls also caused the depletion of Plaintiff's cellular telephone battery. The battery used to power Plaintiff's cellular telephone can only be recharged a limited number of times before the battery's voltage begins to decrease, causing the cellular phone to turn off completely, without warning, if the battery drops below the minimum voltage needed to safely power Plaintiff's cellular telephone.

40. Lastly, Defendant's prerecorded messages took up several bytes of memory on Plaintiff's cellular telephone. The cumulative effect of unsolicited messages like Defendant's poses a real risk of ultimately rendering the phone unusable for normal usage purposes as a result of the phone's memory being taken up. In fact, the FTC has identified slower cell phone performance caused by space taken up on the phone's memory as a real harm. *See*

https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that text message solicitations like the ones sent by Defendant present a "triple threat" of identity theft, unwanted cell phone charges, and slower cell phone performance).

## CLASS ALLEGATIONS

### PROPOSED CLASS

41. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

42. Plaintiff brings this case on behalf of the below defined Class:

> **No Consent Class: All persons within the United States who, within the four years prior to the filing of this Complaint; were sent a pre-recorded call; from Defendant or anyone on Defendant's behalf; to said person's cellular telephone number.**
>
> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent prerecorded messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or services.**

43. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

44. Upon information and belief, Defendant has placed prerecorded message calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

45. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

46. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using pre-recorded messages;

(2) Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls;

(3) Whether Defendant's conduct was knowing and willful;

(4) Whether Defendant are liable for damages, and the amount of such damages; and

(5) Whether Defendant should be enjoined from such conduct in the future.

47. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely calls telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**<u>TYPICALITY</u>**

48. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**<u>PROTECTING THE INTERESTS OF THE CLASS MEMBERS</u>**

49. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

50. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

51. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the No Consent Class)**

52. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

53. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or prerecorded or artificial voice… to any telephone number assigned to a … cellular telephone service ….” 47 U.S.C. § 227(b)(1)(A)(iii).

54. Defendant – or third parties directed by Defendant – used pre-recorded calls to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

55. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

56. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using a pre-recorded message to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

57. As a result of Defendant’ conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**COUNT II**
**<u>Violations of the TCPA, 47 U.S.C. § 227(b)</u>**
**(On Behalf of Plaintiff and the No Consent Class)**

58. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth in paragraphs 1 through 4751.

59. It is a violation of the TCPA to make “initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party….” 47 U.S.C. § 227(b)(1)(B).

60. Defendant – or third parties directed by Defendant – used pre-recorded calls to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

61. Defendant – or third parties directed by Defendant – used pre-recorded calls which were not initiated for emergency purposes, and not solely pursuant to the collection of a debt owed to or guaranteed by the United States.

62. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

63. Defendant violated § 227(b)(1)(B) of the TCPA by using a pre-recorded message to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

64. As a result of Defendant' conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**COUNT III**

**Violation of the TCPA, 47 U.S.C. § 227**

**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

65. Plaintiff repeats and realleges the paragraphs 1 through 51 of this Complaint and incorporates them by reference herein.

66. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

67. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

68. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

69. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

70. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

71. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages

and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

72. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**WHISEFORE**, Plaintiff, Thomas Viel, on behalf of himself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant' practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. A declaration that Defendant' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c. An injunction prohibiting Defendant from using pre-recorded messages to call telephone numbers assigned to cellular telephones without the prior express consent of the called party;

d. An award of actual, statutory damages, and/or trebled statutory damages; and

e. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Date: February 10, 2020.

Respectfully submitted,

*/s/ Jason Campbell*
Jason R. Campbell, Esq.
250 First Ave.
Unit 602
Charlestown, MA 02129
JasonRCampbell@ymail.com

**EISENBAND LAW, P.A.**
*/s/ Michael Eisenband*
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Michael Eisenband
PRO HAC VICE Pending
MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*____________

Manuel S. Hiraldo
PRO HAC VICE Pending
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

*Counsel for Plaintiff*